NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROBERT DEAN ENDRESON, *Petitioner*.

No. 1 CA-CR 14-0577 PRPC
FILED 9-20-2016

Petition for Review from the Superior Court in Maricopa County
No. CR 0000-054712
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin, Mikel Steinfeld
*Counsel for Petitioner*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen, Judge Jon W. Thompson and Chief Judge Michael J. Brown delivered the decision of the court.

---

**PER CURIAM**:

**¶1**　　　　Robert Dean Endreson petitions for review of the summary dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**　　　　In 1969, a jury convicted Endreson of first-degree murder and the superior court sentenced him to death. Endreson's conviction was affirmed on appeal, but his sentence was reduced to life imprisonment. *State v. Endreson*, 109 Ariz. 117 (1973).

**¶3**　　　　In August 2013, the superior court *sua sponte* appointed counsel to review Endreson's case after a number of other defendants the court believed were similarly situated had initiated post-conviction relief proceedings based on the United States Supreme Court's decision in *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012). *Miller* held mandatory life sentences without the possibility of parole for offenders under the age of 18 are unconstitutional. *Id.* at 2460. The superior court asked counsel to determine whether *Miller* applied to Endreson's case. The superior court did not, however, identify any theory of relief nor otherwise indicate why it believed *Miller* might apply to a case in which the defendant was over 18 at the time he committed the offense. Regardless, the court authorized the parties to file briefs that addressed whether *Miller* was retroactive and whether there is any basis for this matter to proceed under Rule 32.

**¶4**　　　　After considering the parties' briefs, the superior court summarily dismissed the proceedings. The court ruled *Miller* was retroactive and determined the only other issue was whether Endreson was a "juvenile" to whom *Miller* applied. The superior court ultimately concluded that *Miller* had no application to Endreson because Endreson was 20 years old when he committed the murder. This petition for review followed.

**¶5**　　　　On review, Endreson contends *Miller* applies to him despite the fact he was over 18 when he committed his offense. He argues that

because he had not yet reached the age of majority as defined by Arizona law at that time, he was a "child" for purposes of *Miller* and, therefore, could not be subject to a mandatory sentence of life without the possibility of parole.

**¶6**  We grant review but deny relief. *Miller* is a significant change in the law and is retroactive. *Montgomery v. Louisiana*, __ U.S. __, 136 S. Ct. 718, 736 (2016); *State v. Valencia*, 239 Ariz. 255, 259, ¶ 17 (App. 2016). *Miller*, however, has no application to Endreson's case. Although *Miller* does make frequent reference to "children" and "juveniles," the Court ultimately held, "We therefore hold that mandatory life without parole for those *under the age of 18* at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 132 S. Ct. at 2460 (emphasis added). In other words, *Miller* placed a constitutional limitation on the states' authority to sentence offenders who committed their offenses when they were under the age of 18, not offenders who committed their offenses before they reached the age of majority as that may be defined by each individual state.

**¶7**  That the Supreme Court intended to draw the line at 18 years of age in *Miller* is made clear by earlier decisions that likewise established constitutional limitations on the sentencing of juvenile offenders. In *Graham v. Florida*, 560 U.S. 48, 74-75 (2010), the Court held a juvenile offender who did not commit homicide may not receive a sentence of life imprisonment without the possibility of parole. As in *Miller*, the Court in *Graham* made frequent reference to "juvenile offenders" in general, but drew a "clear line" to differentiate between who is and who is not a "juvenile offender." *Id.* at 74. The Court expressly held, "Because '[t]he age of 18 is the point where society draws the line for many purposes between childhood and adulthood,' those who were below that age when the offense was committed may not be sentenced to life without parole for a nonhomicide crime." *Id.* at 74-75 (quoting *Roper v. Simmons*, 543 U.S. 551, 574 (2005)). In *Roper*, the Court held states could not impose the death penalty for offenders it repeatedly identified as "juvenile offenders under 18." 543 U.S. at 568-74. Because Endreson was over 18 when he committed his offense, the superior court correctly concluded that *Miller* provides no basis for granting him relief from his life sentence.

**¶8**  Endreson also argues the superior court erred when it failed to hold an evidentiary hearing. "The purpose of an evidentiary hearing in the Rule 32 context is to allow the court to receive evidence, make factual determinations, and resolve material issues of fact." *State v. Gutierrez*, 229 Ariz. 573, 579, ¶ 31 (2012). Because the only issue was the legal

interpretation of *Miller* and its possible application to undisputed facts, the superior court did not abuse its discretion when it declined to hold an evidentiary hearing before it dismissed Endreson's petition.  Ariz. R. Crim. P. 32.6(c).  Additionally, to the extent that Endreson contends he was denied due process because he was not permitted to file a brief in the superior court on the legal question of whether *Miller* applies to a defendant who commits an offense at the age of 20, we deny relief.  The legal issue was adequately briefed in Endreson's petition for review.

**¶9**　　　　　For the reasons stated, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4